UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK PETERSON,

    Plaintiff,

v.      Case No. 6:17-cv-1682-Orl-37TBS

JETBLUE AIRWAYS CORPORATION;
ALFREDO ORTIZ; ROBIN KING;
MICHAEL FINAN; and KENDALL
KING,

    Defendants.

ORDER

This matter is before the Court on the following matters: (1) Defendant JetBlue Airways Corporation's Partial Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law in Support Thereof (Doc. 31); and (2) Correspondence from Plaintiff's Counsel to the Court dated November 7, 2017 (Doc. 32).

**BACKGROUND**

On **August 18, 2016**, Plaintiff Mark Peterson initiated this sex-based discrimination, retaliation, and wrongful termination action against JetBlue Airways Corporation ("**JetBlue**") by filing his initial Complaint in the U.S. District Court for the Eastern District of New York ("**NY Court**"). (Doc. 1.) The NY Court transferred the action to this Court on **September 25, 2017**. (Doc. 17.) Upon finding that it was an impermissible shotgun pleading, this Court dismissed the initial Complaint without prejudice (Doc. 19), and Plaintiff filed an Amended Complaint on **October 10, 2017**. (Doc. 24.)

-1-

The Defendants named in Plaintiff's Amended Complaint include JetBlue and four individual Defendants—Alfredo Ortiz ("**Ortiz**"), Robin King, Michael Finan, and Kendall King ("**Individual Defendants**"). (*Id.*) Against JetBlue, Plaintiff asserts discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("**Title VII**") (*id.* ¶¶77–84 ("**Count I**"); *id.* ¶¶85–91 ("**Count II**")) and the Florida Civil Rights Act ("**FCRA**") (*id.* ¶¶139–147 ("**Count XI**"); *id.* ¶¶148–54 ("**Count XII**")). Against all Defendants, Plaintiff asserts the following claims under the laws of New York ("**NY Law**") and New York City's Administrative Code ("**NYC Code**"): (a) discrimination (*id.* ¶¶92–99 ("**Count III**"); (*id.* ¶¶111–118 ("**Count VI**")); (b) retaliation (*id.* ¶¶100–106 ("**Count IV**")); *id.* ¶¶119–25 ("**Count VII**")); (c) aiding and abetting (*id.* ¶¶107–110 ("**Count V**"); *id.* ¶¶126–29 ("**Count VIII**")); and (d) interference and employer liability (*id.* ¶¶130–133 ("**Count IX**"); *id.* ¶¶134–38 ("**Count X**")).

JetBlue filed an Answer denying the Title VII and FCRA claims, and it moved for dismissal of the remaining claims ("**NY Claims**"). (Doc. 30; Doc. 31 ("**MTD**").) In apparent response to the MTD, on **November 7, 2017**, Plaintiff submitted correspondence to the Court (Doc. 32 ("**Correspondence**")), which: (1) advises that the parties have stipulated to dismissal of the NY Claims; (2) requests leave to file a Second Amended Complaint to assert FCRA claims against the Individual Defendants and an assault claim against Ortiz; and (3) asserts that this is "Plaintiff's first request to amend."[1]

---

[1] Before transferring the action to this Court, the NY Court denied Plaintiff's request for leave to amend his initial Complaint. (*See* Docs. 14–15.)

## DISCUSSION

"[U]nless invited or directed by the presiding judge," applications to the Court "requesting relief in any form" or "presenting argument with respect to any matter awaiting decision . . . shall not be addressed to the Court *in the form of a letter or the like*." Local Rule 3.01(f) (emphasis added). Rather, such applications must be in writing and in the form prescribed by Local Rule 1.05. *See id*. That is "typewritten, double-spaced, in at least twelve-point type" (Local Rule 1.05(a)), and with: (1) a caption on the first page as prescribed by Federal Rule of Civil Procedure 10(b) (Local Rule 1.05(b)); (2) a title that includes the name of the filing and "designation of the party . . . in whose name the paper is submitted" (*id*.); (3) the signature of counsel as required by Rule 11; and (4) a signature block as specified in Local Rule 1.05(d). Further, like most motions filed in this Court, a motion to amend must include the statement and certification required by Local Rule 3.01(g).

The Undersigned did not invite or direct Plaintiff to file the Correspondence; hence, the Correspondence is due to be stricken as an improper filing. Further, JetBlue's MTD is due to be granted as unopposed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) This Clerk is **DIRECTED TO STRIKE** the Correspondence filed at docket number 32 from the record and return any hard copies of such document to counsel for the Plaintiff.

(2) Defendant JetBlue Airways Corporation's Partial Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law in Support Thereof (Doc. 31) is **GRANTED**.

(3) Counts III through X of the Amended Complaint (Doc. 24) are **DISMISSED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 14, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record