UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK PETERSON,

    Plaintiff,

v.                                            Case No:   6:17-cv-1682-Orl-37TBS

JETBLUE AIRWAYS CORPORATION,
ALFREDO ORTIZ, ROBIN KING,
MICHAEL FINAN and KENDALL KING,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Compel Defendants to Appear for Deposition and Reconsideration to Extend the Fact Discovery and Dispositive Motion Deadlines (Doc. 56). Defendant JetBlue Airways Corporation has filed a response in opposition to the motion (Doc. 57).

Plaintiff Mark Peterson complains that while he was employed by JetBlue he was subjected to unwanted sexual comments and advances made by his superior, Alfredo Ortiz (Doc. 24, ¶¶ 19, 25, 33-36, 41-44, 49). Plaintiff alleges that after he rejected Ortiz' advances JetBlue and Ortiz retaliated against him (Id., ¶ 53). He met with JetBlue's Robin King, Michael Finan and Kendall King concerning Ortiz' conduct (Id., ¶ 62). During the meeting, Plaintiff says he was asked inappropriate questions that mocked the severity of his complaints and failed to take them seriously (Id., ¶¶ 63-65). Later, JetBlue terminated his employment (Id., ¶ 69). He brings this action for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Id.).

The parties held their initial FED. R. CIV. P. 26(f) conference on December 14, 2017

and then submitted their Case Management Report ("CMR") to the Court (Doc. 41 at 3). In their CMR, the parties proposed a July 20, 2018 deadline to complete all discovery (Id., at 1). After reviewing the CMR, the Court entered its Case Management and Scheduling Order ("CMSO") which established a July 6, 2018 deadline for the completion of all discovery (Doc. 44 at 3). This meant the parties had 205 days to obtain whatever discovery they needed.

On an unknown date, JetBlue served discovery on Plaintiff (Doc. 57-3). He was almost seven weeks late in providing his responses to that discovery (Id.). On March 16, 2018, Plaintiff served requests for production on JetBlue (Doc. 56 at 2). On April 13, 2018, Plaintiff agreed to extend to May 3, 2018 the deadline for JetBlue's response to his discovery (Doc. 57-3 at 3). In return, JetBlue agreed to waive its objections to the lateness of Peterson's discovery responses (Id.).

JetBlue represents that it timely responded to Plaintiff's requests for production and that he waited almost a month, to June 12, 2018, to object that the production was incomplete (Doc. 57 at 5-6).[1] Although it denied that its production was deficient, JetBlue produced additional documents to Plaintiff on June 22, 2018 (Doc. 57-4 at 2).

The parties agreed to mediate this case on May 24, 2018 (Doc. 57 at 3). Apparently, they anticipated a successful outcome because they agreed on April 13, 2018 that they would not take depositions until after the mediation (Id.). The case did not settle, and JetBlue scheduled the deposition of Plaintiff's expert for July 2 and Plaintiff's deposition for July 6, 2018 (Doc. 57 at 4).

---

[1] Plaintiff has failed to identify the documents he is referring to except that they include Ortiz' personnel file (Doc. 56 at 2).

On June 12, 2018, Plaintiff filed his motion for an extension of time to complete discovery (Doc. 53). In his motion he represented that "it is essentially impossible for the parties to complete discovery in the time remaining." (Id., at 2). The Court denied the motion on June 22, 2018 (Doc. 55). Approximately one hour after the Court entered its Order, Plaintiff began attempting to schedule the depositions of Ortiz, R. King, Finan and K. King (Doc. 57-1). Plaintiff represents that he was not in a position to schedule the depositions sooner because he had not received documents from JetBlue (Doc. 56 at 2). The documents Plaintiff references were produced to him on June 22, 2018 (Id.). Upon receiving these documents Plaintiff "promptly served notices" to take Ortiz, R. King, Finan and K. King's depositions (Id.). Defendant has interposed multiple objections to the deposition notices (Doc. 57). In the pending motion, Plaintiff asks the Court to reconsider its Order denying his previous motion for extension of time, and compel the depositions he wishes to take.

The rules do not specifically provide for the filing of a motion for reconsideration but, it is generally understood that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright et al., Fed. Prac. & Proc. § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Reconsideration of an order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax

Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013).

Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop v. St. Farm Mut. Auto. Ins. Co., Case No. 6:14-cv-6000-Orl-31TBS, 2016 WL 2758964, at *1 (M.D. Fla. May 12, 2016) (citing St. Paul Fire & Marine Ins. Co.

v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)). Plaintiff has failed to carry her burden. Her motion for reconsideration is devoid of any legal authority, analysis, or argument why the Court should reconsider its prior Order. Accordingly, the motion for reconsideration is **DENIED**.

Next, Plaintiff argues that the Court should compel the depositions of Ortiz, R. King, Finan and K. King based upon JetBlue's failure to timely produce documents needed prior to the setting of these depositions. As the Court explained in a prior Order, modification of the CMSO is required before discovery may be taken after the July 6, 2018 deadline (Doc. 55). Modification of the CMSO requires a showing of "good cause" and the Court's consent. FED. R. CIV. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

The timeline shows that Plaintiff has not been diligent in pursuing discovery or in seeking the Court's assistance if he believed Defendant was improperly withholding discovery. Plaintiff has failed to identify the documents he believed he needed in order to effectively depose the witnesses. He has not explained why the unidentified documents were material to the taking of the depositions. He has not explained why he failed to ask sooner for the documents, or why he delayed in asking JetBlue to supplement its production. Plaintiff has failed to explain why he did not promptly seek the Court's assistance if he believed JetBlue was improperly withholding information. And, he has not

pointed to any information produced by JetBlue on June 22, 2018 that is material to the taking of the depositions. Therefore, Plaintiff's motion to compel is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record